## GAY, SULLIVAN & CO., Inc., v. GLASER, CRANDELL CO.

### No. 6749.

Circuit Court of Appeals, Seventh Circuit.

March 3, 1939.

Benjamin V. Becker, Don M. Peebles, Max Swiren, and Harold M. Keele, all of Chicago (Harold M. Keele, of Chicago, Ill., of counsel), for appellant.

Clinton Merrick, Howard F. Bishop, and Jerome J. Sladkey, all of Chicago, Ill., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff sued the defendant to recover the purchase price of 1,800 bags of sugar purchased on sample for use in making grape jam.   Defendant pleaded that the sugar was not according to sample; that it contained iron scale and was unfit for consumption; and that it was entitled to a counterclaim in excess of the purchase price of $7,662.   The verdict for plaintiff was $6,535.   The court entered judgment for that amount, and defendant appealed.

Upon defendant's request, plaintiff submitted samples of Southern Crystal sugar, and, being assured that the shipment would be as good as the sample, defendant ordered two carloads. Crystal sugar is a second grade sugar, not completely refined. After the first carload had been delivered, defendant's superintendent compared ten bags of the sugar with the sample submitted and gave orders to use it in the manufacture of grape jam. Several days later it appeared that the filling machine had become clogged with iron scale and operations were stopped. At this time defendant had used about 600 bags of the sugar in manufacturing approximately 4,000 cases of jam. A number of the jars containing the jam were tested, in some of which iron scale was found. Various efforts were made to salvage the jam, none of which proved satisfactory. The sugar which had not been used was dissolved in water, strained, and used in solution form. Defendant's testimony was to the effect that its damage amounted to $6,810.83.

Plaintiff denied that there were impurities in the sugar and offered to purchase one or two cases of the jam for the purpose of having it examined. The offer was declined. On behalf of the plaintiff, it appeared from the testimony of one Clyde Wilson, engaged in the preserve manufacturing business for 16 years, that in his opinion the jam containing iron scale could be salvaged at a cost of $1,710.70.

The defendant states that this appeal presents but a single question: Was any evidence presented in the trial of the cause to sustain the amount of the verdict? Counsel argues that, as the jury returned a verdict for $6,535, an amount of $1,127 less than the purchase price, and, as the purchase price was not in dispute, the verdict in effect allowed $1,127 damages on the counterclaim, which is $592.30 less than the minimum amount of damages established by the plaintiff's testimony. He concludes, therefore, that the jury must have misunderstood or disregarded the evidence.

It is true that a jury does not have the power to render a capricious and arbitrary verdict in total disregard of the evidence and that the verdict must be consistent with some legitimate theory of the evidence. In the instant case defendant does not assign any error of law in the trial of the case and no objections have been made as to the manner in which the jurors were instructed. We must assume, therefore, that the jurors were fully instructed as to their duty concerning the measure of damages.

The burden was on the defendant to establish by the weight of the evidence the breach by the plaintiff of its contract, and the amount of damages resulting to the defendant. The credibility of the witnesses, the inferences to be drawn from the testimony, and the weight to be given to the evidence were purely questions of fact for the jury; and their verdict, based upon the evidence, cannot be disturbed by this court, unless we can say as a matter of law that the verdict was capricious, arbitrary, and inconsistent. That is, this court cannot reverse the judgment solely because we may be of the opinion that the jury should have returned a verdict for a less amount.

Since the plaintiff did not admit of any damages to the defendant, the jury, upon the evidence before it, could have found one of several things: it could have found that there were no damages to the defendant and thereby have rendered a verdict for the entire purchase price; it could have found that the defendant was damaged to the extent of $6,810.83, or of $1,710.70, or of an amount equivalent to the cost of dissolving the sugar at 10 cents a bag. Moreover, defendant's claim for damages was unliquidated and could not be proved with mathematical certainty. The matters testified to were matters calling for opinions of witnesses and were solely for the jury to determine. It is only in the clearest case that such a verdict should be disturbed, e. g., in a case where the mistake is so obvious that no reasonable basis for the verdict can be discerned.

We think the language of the court in Wilson v. Bevans, 58 Ill. 232, is in point. In that case it was said: "It is not the duty of this court to enter upon a critical analysis of the evidence in every case that may be brought here by appeal, to determine with accuracy, as on an original hearing, the questions of fact submitted to the jury. It is the province of the jury to settle questions of fact, and of the court to settle the law applicable to the facts. Upon the main facts at issue between the parties in this case, there was a contrariety of evidence and witnesses of equal respectability, so far as we can know, testifying in direct opposition. We must, therefore, regard the verdict as settling the questions of fact, and can not enter anew upon the investigation of those questions."

This is not a case where the jury has gone against the evidence. It is true we do not know just what elements went into the amount found by the jury, but in any event the amount is within the range of the testimony.

Affirmed.